IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

HERMAN MARTIN BAILEY,

      Petitioner,

v.                          Case No. 6:05-cv-00249

THOMAS MCBRIDE, Warden,
Mount Olive Correctional Complex,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) and Respondent's Motion to Dismiss Petition for Failure to Exhaust State Remedies (# 7). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 16, 1997, Petitioner was indicted by a Grand Jury sitting in Wood County, West Virginia, on one count of sexual assault in the first degree (Count One), four counts of sexual abuse in the first degree (Counts Three, Five, Seven, and Nine), and five counts of sexual abuse by a custodian (Counts Two, Four, Six, Eight, and Ten)(Case No. 97-F-4). (# 7, Ex. 1). Following a jury trial in the Circuit Court of Wood County, West Virginia, on

June 15 and 16, 1998, Petitioner was found guilty on all of the counts contained in the indictment. (Id., Ex. 2). By Order entered on October 15, 1998, Petitioner was sentenced to terms of imprisonment of 15 to 35 years on Count One; 5-15 years on Counts Two, Four, Six, Eight, and Ten; and 1-5 years on Counts Three, Five, Seven, and Nine. All sentences were to run consecutively. (Id., Ex. 3).

On July 29, 1999, Petitioner, by counsel, filed a Petition for Appeal in the Supreme Court of Appeals of West Virginia (hereinafter the "SCAWV"). That petition raised the following grounds for relief:

1.   The trial court committed error by receiving and admitting, over objection by counsel, photographs of the wall of Petitioner's bedroom, on which were depicted "girlie" calendars flanking a photographic depiction of Jesus Christ;

2.   The trial court erred by prohibiting Petitioner from introducing evidence of the victims' prior sexual knowledge, which evidence was offered to refute the prosecution's contention that these two young girls would only know of such things if the allegations against the Petitioner were true.

(Id., Ex. 4). The Petition for Appeal was refused by the SCAWV on November 18, 1999. (Id.) Petitioner did not file a petition for a writ of certiorari in the Supreme Court of the United States. Thus, Petitioner's judgment became final on or about February 16, 2000, and the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) began to run on February 17, 2000.

On June 23, 2000, Petitioner filed a pro se Petition for a

Writ of Habeas Corpus in the Circuit Court of Wood County.  (<u>Id.</u>,
Ex. 5).  The following claims were alleged in that petition:

> 1.  The court committed error because it would not
> allow Petitioner to have the alleged victim undergo
> a psychological evaluation to be done to determine
> the competency to testify at Petitioner's trial, in
> direct violation of both the United States
> Constitution and the West Virginia Constitution.
>
> 2.  Petitioner contends that he was denied his rights
> to effective assistance of counsel in direct
> violation of the Sixth Amendment to the United
> States Constitution and under Article III, Section
> 14 of the West Virginia Constitution.
>
> 3.  Petitioner contends that the trial court committed
> error when it denied Petitioner a judgment of
> acquittal in as much as the evidence presented was
> not sufficient to convince impartial minds of the
> guilt of the Petitioner beyond a reasonable doubt
> in violation of the United States Constitution.
>
> 4.  Petitioner contends that the sentence imposed upon
> him under the statute West Virginia Code violates
> the proportionality principle.

(<u>Id.</u>)

Petitioner's habeas corpus claims were considered by the
Circuit Court of Wood County in Case No. 97-F-4.  Attorney Patrick
Radcliff was appointed to represent Petitioner in those
proceedings.  On June 23, 2003, Mr. Radcliff filed an amended
petition on Petitioner's behalf, stating the following grounds for
relief:

> 1.  The [Petitioner's] rights as secured by the 5th
> Amendment to the United States Constitution and
> Article III, Section 10 of the West Virginia
> Constitution were violated in that he did not
> obtain a fair trial because the evidence is

3

insufficient as a matter of law to support
Petitioner's convictions.

2.  Petitioner's constitutional right as secured by the
Eighth Amendment to the United States Constitution
and the proportionality provisions of the West
Virginia Constitution, Article III, Section 5, was
violated by his sentence to incarceration for
forty-four (44) to one hundred and thirty (130)
years.

3.  The court abused its discretion in running all
sentences consecutively, which abuse of discretion
was "plain error" and deprived Petitioner of a fair
trial.

4.  The [Petitioner's] rights as secured by the 5th
Amendment to the United States Constitution and
Article III, Section 10 of the West Virginia
Constitution were violated in that he did not
obtain a fair trial because the trial court erred
in admitting unfairly prejudicial evidence.

5.  The [Petitioner's] rights as secured by the 5th
Amendment to the United States Constitution and
Article III, Section 10 of the West Virginia
Constitution were violated in that he did not
obtain a fair trial because the trial court[] erred
in excluding relevant evidence on the basis of the
rape shield law, Section 61-8B-11, West Virginia
Code.

6.  Petitioner was denied effective assistance of
counsel in the trial of this case as guaranteed by
the 6th and 14th Amendments to the United States
Constitution and Article III, [sections] 14 and 21
of the Constitution of West Virginia for the reason
that his said counsel Joseph T. Santer:

    (a)  failed to request a competency hearing
    for the two child witnesses under State
    v. Stacy, 179 W. Va. 686, 371 S.E.2d 614
    (1988);

    (b)  failed to move for acquittal on the basis
    of insufficiency of the evidence as set

forth in Ground One, and specifically upon the grounds that there was no evidence of sexual contact to support convictions on Counts Three, Four, Five, Six, Seven and Eight, all of which are for either sexual abuse or sexual abuse by a custodian, that is, that the State presented no evidence of "intentional touching either directly or through clothing, of the anus or any part of the sex organs" of either alleged child victim;

(c) failed to object to the admission of the testimony of Kara Kent concerning rape victim syndrome;

(d) failed to move for judgment of acquittal at the close of [Petitioner's] case and after the jury's verdict as provided in *Rule Crim Proc* 29;

(e) failed to appeal issues of disproportionate sentence, the trial court's abuse of discretion in running his sentences consecutively to arrive at a disproportionate sentence of 44 to 130 years imprisonment, insufficiency of the evidence and other grounds asserted herein;

(f) failure to object to hearsay evidence;

(g) failed to object to opinion evidence of a victim's credibility;

(h) failed to present in opening argument the [Petitioner's] theory that the alleged child victims had manufactured the charges to gain their mother's attention, care and concern, which failure subsequently resulted in the trial court's refusal to admit evidence of the mother's pattern of rejecting or abandoning the children;

(i) failed to call material witness on behalf

5

of Petitioner;

(j)   failed to take appropriate action to
      ensure that Petitioner could hear the
      testimony when said counsel knew that
      Petitioner suffered a hearing impairment,
      and, therefore failed to ensure that
      Petitioner's right to confront the
      witnesses against him was protected.

(Id., Ex. 6).

On December 12, 2003, an evidentiary hearing was conducted
before the Honorable George W. Hill, Wood County Circuit Judge.  On
January 20, 2004, Judge Hill issued his "Findings of Fact,
Conclusions of Law and Order", addressing the merits of each of
Petitioner's claims in his Amended Petition, and denying the
Amended Petition in its entirety.  (Id., Ex. 7).  On June 25, 2004,
Judge Hill granted Mr. Radcliff's motion to withdraw as counsel for
Petitioner, appointed Carl Bryant to represent Petition on appeal,
and re-entered the Order denying Petitioner's habeas corpus
petition, presumably to allow a new period of time for Petitioner
to file a Notice of Appeal.  (Id.)

On October 27, 2004, Petitioner, by counsel, filed a Petition
for Appeal concerning the denial of his Wood County habeas corpus
petition.  (Id., Ex. 8).  The Petition for Appeal asserted the
following grounds for relief:

1.   Appellant contends that the [Petitioner's] rights
     as secured by the 5th Amendment to the United
     States Constitution and Article III, Section 10 of
     the West Virginia Constitution were violated in
     that he did not obtain a fair trial because the

6

evidence is insufficient as a matter of law to support Petitioner's convictions.

2.   Appellant contends that Petitioner's constitutional rights as secured by the Eighth Amendment to the United States Constitution and the proportionality provisions of the West Virginia Constitution, Article III, Section 5, [were] violated by his sentence to incarceration for 44 to 130 years.

3.   Appellant contends that the Trial Court abused its discretion in running all sentences consecutively, which abuse of discretion was "plain error" and deprived Appellant of a fair trial.

4.   Appellant contends that the [Petitioner's] rights as secured by the 5th Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution were violated in that he did not obtain a fair trial because the Trial Court erred in admitting unfairly prejudicial evidence.

5.   Appellant contends that the [Petitioner's] rights as secured by the 5th Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution were violated in that he did not obtain a fair trial because the Trial Court erred in excluding relevant evidence on the basis of the rape shield law, Section 61-8B-11, West Virginia Code.

6.   Appellant contends that Petitioner was denied effective assistance of counsel in the trial of this case as guaranteed by the 6th and 14th Amendments to the United States Constitution and Article III, [sections] 14 and 21 of the Constitution of West Virginia. [Appellant listed the same 10 claims of ineffective assistance of counsel as those raised in his Wood County habeas petition. The undersigned will not repeat them here.]

On March 9, 2005, the SCAWV refused the Petition for Appeal. (Id.)

7

On March 25, 2005, Petitioner, proceeding pro se, filed the instant petition under 28 U.S.C. § 2254 (# 1), raising the following grounds for relief:

1.   The court committed error because it would not allow Petitioner to have the alleged victim undergo a psychological evaluation to be done to determine the competency to testify at Petitioner's trial, in direct violation of both the United States Constitution and the West Virginia Constitution.

2.   Petitioner contends that he was denied his rights to effective assistance of counsel in direct violation of the Sixth Amendment to the United States Constitution and under Article III, Section 14 of the West Virginia Constitution.

3.   Petitioner contends that the trial court committed error when it denied Petitioner a judgment of acquittal in as much as the evidence presented was not sufficient to convince impartial minds of the guilt of the Petitioner beyond a reasonable doubt in violation of the United States Constitution.

4.   Petitioner contends that the sentence imposed upon him under the statute West Virginia Code violates the proportionality principle.

5.   Petitioner contends that the trial court abused its discretion in running all of the sentences consecutively, which abuse of discretion was "plain error" and deprived Petitioner of a fair trial.

6.   Petitioner contends that the Petitioner's [rights] as secured by the 5th Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution were violated in that he did not obtain a fair trial because the trial court erred in admitting unfairly prejudicial evidence.

7.   Petitioner contends that the Petitioner's [rights] as secured by the 5th Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution were violated in

8

> that he did not obtain a fair trial because the
> trial court erred in excluding relevant evidence on
> the basis of the rape shield law, Section 61-8B-11
> of the West Virginia Code.

(<u>Id.</u>)

On April 29, 2005, Respondent filed a Motion to Dismiss for Failure to Exhaust State Remedies, a Memorandum in support thereof, and accompanying exhibits (# 7).   Respondent concedes that Petitioner has exhausted all of the claims contained in his Federal petition, except for Ground One, concerning the failure of the trial court to allow psychological testing of the victims.  (<u>Id.</u> at 6).   Respondent argues that Petitioner's petition must either be dismissed as a "mixed petition," or that the unexhausted claim must be severed.  (<u>Id.</u> at 7).

On May 10, 2005, the undersigned entered a Notice and Order notifying Petitioner of his right to respond to Respondent's Motion to Dismiss and setting deadlines for the response and reply.  (# 8).

On May 25, 2005, Petitioner filed a Reply in Opposition to Respondent's Motion to Dismiss (# 9), in which he has agreed to withdraw Ground One from his petition and proceed only on the exhausted claims.  (<u>Id.</u>)

## <u>ANALYSIS</u>

Section 2254(b)(1)(A) of Title 28 of the United States Code states that a petition for a writ of habeas corpus filed in a

9

federal district court by a prisoner in state custody shall not be granted unless it appears that the applicant has exhausted the remedies available in the state courts, or if the state has waived the exhaustion requirement.  28 U.S.C. §§ 2254(b)(1)(A), (b)(3).[1]

In West Virginia, prisoners may exhaust their available state remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the SCAWV.  Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D.W. Va. 1986).  Petitioner filed both a direct appeal and a state court habeas corpus petition and appeal of that petition. However, Petitioner failed to plead the claim contained in Ground One of his federal petition in either his Amended Petition[2] filed in the Circuit Court of Wood County, or in his Petition for Appeal of the denial of the Wood County petition.  Therefore, that claim

---

[1] The court notes that, in certain circumstances, an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust state remedies.  See 28 U.S.C. § 2254(b)(2).  However, the court finds that such circumstances are not present in the instant case.

[2] The undersigned notes that Petitioner did assert Ground One in his original habeas corpus petition, which was filed pro se. However, after Mr. Radcliff was appointed to represent Petitioner in that proceeding, Petitioner filed an Amended Petition, which did not include that claim.  Therefore, Judge Hill did not address that claim, and it remains unexhausted.

is unexhausted.

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has exhausted Grounds Two through Seven of his section 2254 petition (# 1), but has failed to exhaust Ground One as stated therein.  Based upon Petitioner's request to withdraw the unexhausted ground and to proceed on the grounds that have been exhausted, it is hereby **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Respondent's Motion to Dismiss for Failure to Exhaust State Remedies (# 7).  By separate Order, the undersigned will order Respondent to file a response addressing the merits of the exhausted claims.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party, Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and counsel of record.

_____October 31, 2005_____
                Date

_Mary E. Stanley_
Mary E. Stanley
United States Magistrate Judge